UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH M ROBINSON,<br><br>               Plaintiff,<br><br>    v.<br><br>JORDAN BAILEY, et al.,<br><br>               Defendants. | CASE NO. 3:19-cv-05551-BAT<br><br>**ORDER GRANTING DEFENDANT JOSEPH GIBSON'S MOTION TO DISMISS** |

      Defendant Joseph Gibson moves for an order dismissing Plaintiff Joseph M. Robinson's 42 U.S.C. § 1983 and state law claims (Counts Three, Four, Six, Seven and Eight), pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c). Mr. Gibson further moves for dismissal of Count Six, the state law claim for malicious prosecution, under RCW 4.24.510, and requests that the Court award Mr. Gibson attorney's fees, costs, and statutory damages of $10,000. Dkt. 22.

      On April 20, 2021, Lawrence Hildes filed a motion to withdraw as attorney for Plaintiff. Dkt. 23. Mr. Hildes requested a stay of all pending motions, including the instant motion filed by Defendant Joey Gibson. *Id.* The Court denied the motion without prejudice; ordered Plaintiff Joseph Robinson and Attorney Lawrence A. Hildes to advise the Court by May 3, 2021 if Plaintiff intends to prosecute this action; denied the motion to stay, and re-noted Defendant Gibson's motion for May 7, 2021. Dkt. 24. The Court noted that Defendant Gibson's motion to dismiss, which is based on the sufficiency of the complaint filed on Plaintiff's behalf by Attorney Hildes, does not require Plaintiff's active participation. *Id.*, p. 2. Copies of the Court's Order were

sent to counsel and to Plaintiff by email and regular mail. *Id.* The regular mail addressed to Plaintiff was returned to the Court as "undeliverable" on April 29, 2021. Dkt. 25.

Attorney Hildes did not respond to the Court's Order and has filed no response to the motion to dismiss. Pursuant to LCR 7(b)(2), if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

Based on a careful review of the motion, the Court grants the motion to dismiss all claims against Defendant Gibson. The dismissal shall be with prejudice as Plaintiff was given ample opportunity and additional time to respond but failed to do so. Defendant Gibson's motion for fees and damages pursuant to RCW 4.24.510 is denied.

## STATEMENT OF FACTS

**A.    Procedural History**

Plaintiff filed a Complaint for Damages on June 17, 2019. Dkt. 1. Defendant Joseph Gibson filed an Answer and Affirmative Defenses on December 2, 2019. Dkt. 6.

**B.    Factual Allegations Made in Plaintiff's Complaint**

In May of 2017, a controversy over racism and appropriate responses to it developed at Evergreen State College in Olympia. Dkt. 1, ¶ 2 3.1-3. Later when a professor took to the airways of Fox News, a heated National debate developed as to whether "it was appropriate for students and faculty of color to be allowed to take over the campus…." *Id.*

Plaintiff alleges that Defendant Gibson is the founder of "Patriot Prayer" and a leader of the "Proud Boys". Dkt. 1, ¶ 2.6. He alleges that Defendant Gibson and Patriot Prayer, a far-right group with close connections to neo-Nazi, White Supremacist, and other extremist groups, "inserted themselves" into this conflict. *Id.*, ¶ 3.4. After Defendant Gibson and Patriot Prayer announced their intention to stage a rally in the middle of Red Square on June 15, 2017 (*id.*, ¶

3.10), a counter demonstration "was organized." *Id.*, ¶ 3.13.

According to Plaintiff, "these efforts [of Patriot Prayer and the Proud Boys] have been aided by sympathy and cooperation from law enforcement personnel and agencies" "particularly prevalent with personnel, supervisors and commanders of the Washington State Patrol" and that unidentified "commanders and supervisors" "authorized 'Patriot Prayer' to make arrests." Dkt. 1, ¶ 3.8; 3.11. Plaintiff alleges that he was on his way to the counter demonstration when Defendant Knox ordered him to stop and Defendant Gibson told him he could not go through the area to the public plaza. *Id.*, ¶ 3.15. When he tried to do so, Defendant Grzozwksi grabbed him by the throat and Defendants Toese, Knox, Todd, Gibson and others tackled him to the ground and pinned him there. *Id.*, ¶ 3.16. Plaintiff further alleges that Defendant Toese searched him, found his knife and then Defendants Toese and Todd "dragged/marched" him to the Washington State Patrol, where he was taken into custody. *Id.*, ¶ 3.18-3.20.

Plaintiff alleges that the actions taken by all of the members of Patriot Prayer were under "the specific direction and control of Gibson." Dkt. 1, ¶ 3.14. Plaintiff also alleges that the Washington State Patrol did their "best to give Patriot Prayer an unobstructed opportunity to say and do anything they wanted in front of a circus media without any dissent." *Id.*, ¶ 3.10.

Plaintiff was charged with disorderly conduct and was released hours later. Dkt. 1, ¶ 3.22-3.23. The charge was dismissed approximately eleven months later. *Id.*, ¶ 3.28. Plaintiff claims he missed classes for court hearings. *Id.*, ¶ 3.28-3.29.

Plaintiff sues multiple law enforcement officers, civilians, and "DOES 1-11 1000" and seeks general damages for pain and suffering, special damages for his legal and medical expenses; punitive damages, attorney's fees and litigation costs, and for a declaratory judgment requiring court supervised training for involved agencies and officers. Dkt. 1, ¶ VII.

C.      **Counts Against Gibson**

Plaintiff asserts the following claims against Defendant Gibson: (1) 42 U.S.C. § 1983 claim against "All Individual Defendants 14 and DOES 1-100" (Count One); (2) state law claim for a general violation of civil rights under the Washington State Constitution (Count Three); (3) wrongful arrest (Count Four); (4) malicious prosecution (Count Six); (5) negligence (Count Seven); and (6) intentional infliction of emotional distress (Count Eight). Dkt. 1, ¶ 5, 5.12, 5.29-32, 5.33-35, 5.36-39.

## DISCUSSION

A.      **Legal Standard**

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for failure to state a claim. The court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, a court typically considers only the contents of the complaint. However, a court is permitted to take judicial notice of facts that are incorporated by reference in the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may ... consider certain materials documents attached to the complaint, documents incorporated by

reference in the complaint."); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("[I]t is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss.") (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). A motion for judgment on the pleadings will be denied unless it appears "beyond doubt" that the non-moving party cannot prove any facts in support of the claim that would entitle the non-moving party to relief. *RLI Ins. Co. v. City of Visalia*, 297 F. Supp. 3d 1038, 1047 (E.D. Cal. 2018), *aff'd*, 770 F. App'x 377 (9th Cir. 2019) (internal quotation and citation omitted).

**B.  Count One – 42 U.S.C. § 1983**

To prevail in a claim under 42 U.S.C. § 1983, a plaintiff must establish two essential elements: (1) that the defendant acted under color of state law; and (2) that the defendant caused Plaintiff to be deprived of a right secured by the Constitution and laws of the United States." *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir., 1997). Vague and conclusory allegations of official participation in civil rights violations are insufficient. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

A plaintiff trying to show that a private party acted under color of state law must show that the defendants "conspired or acted jointly with state actors." *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 783 (9th Cir.2001) (citing *United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir.1989)). The plaintiffs must therefore provide evidence of "an

agreement or meeting of the minds to violate constitutional rights." *Id.* (quoting *Phelps Dodge*, 865 F.2d at 1540–41). But the mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983. *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir.1983); *Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323, 327 (7th Cir.1978). "A relationship of cause and effect between the complaint and the prosecution is not sufficient, or every citizen who complained to a prosecutor would find himself in a conspiracy." *Radcliffe*, 254 F.3d at 783.

Plaintiff alleges that Defendants Toese and Todd presented Plaintiff to the Washington State Patrol and that the Washington State Patrol arrested him and took him into custody. Dkt. 1, ¶ 5.19. Plaintiff does not allege that Defendant Gibson is, was, or claimed to be a law enforcement officer or that Defendant Gibson arrested him. In short, Plaintiff has alleged no facts to show an agreement or meeting of the minds to show that Defendant Gibson "conspired or acted jointly with state actors." Plaintiff's allegations that the "personnel, supervisors and commanders of the Washington State Patrol" are sympathetic to Patriot Prayer and Proud Boys, and that unidentified "commanders and supervisors" "authorized 'Patriot Prayer' to make arrests, are vague conclusory allegations devoid of factual support and as such, are not entitled to the assumption of truth.

Plaintiff has provided no facts, accepted as true, that would establish Defendant Gibson acted under color of state law in causing a violation of Plaintiff's rights and this claim will be dismissed.

C.  **Count Three – Washington Constitution Claim**

Plaintiff alleges that his detention, arrest, and malicious prosecution were unlawful, in retaliation for his exercise of his First Amendment Rights, and that his "lawful refusal" to

provide identification to an officer was protected under Article 1 of the Washington State Constitution, Section 5 and Section 7. Dkt. 1, ¶ 5.13.

Washington law contains no counterpart to 42 U.S.C. § 1983, which creates a civil cause of action for violations of the United States Constitution by persons acting under color of state law. *Sisley v. City of Seattle*, 179 Wn. App. 1021 (2014). Washington courts have consistently rejected invitations to establish a cause of action for damages based upon constitutional violations. *Blinka v. Wash. State Bar Ass'n*, 109 Wash. App. 575, 578 (2001). *See Peltier v. Sacks*, 328 F. Supp.3d 1170, 1185 (W.D. Wash. 2018).

Thus, to the extent Plaintiff seeks damages for violations of the Washington state constitution, the claim is not permitted and will be dismissed.

**D.     Count Four –False Arrest Claim**

"False arrest occurs when a law enforcement officer, or one claiming to have the powers of a police officer, unlawfully restrains or imprisons another by physical force, threat of force, or conduct reasonably implying the use of force against the detainee should he resist." *Demelash v. Ross Stores, Inc.*, 105 Wash. App. 508, 529, 20 P.3d 447, 458 (2001). "The claim does not turn on the misperceptions of the detainee, but on the intent of the person making the arrest." *Id*.

Plaintiff alleges that Defendants Toese and Todd "dragged/marched" Plaintiff to the Washington State Patrol, who took him into custody. Dkt. 1, ¶ 5.19. Plaintiff does not allege that Defendant Gibson is, was, or claimed to be a law enforcement officer or that Defendant Gibson arrested him.

Even assuming the truth of Plaintiff's allegations and crediting all reasonable inferences arising from those allegations, Plaintiff has failed to state a claim of false arrest against Defendant Gibson and the claim will be dismissed.

E.   **Count Six –Malicious Prosecution and RCW 4.24.510**

   1.   <u>Malicious Prosecution</u>

Malicious prosecution actions are not favored in law. *Hanson v. City of Snohomish*, 121 Wash.2d 552, 557, 852 P.2d 295 (1993) (citing *Bender v. Seattle*, 99 Wash.2d 582, 602–03, 664 P.2d 492 (1983)). This is because an individual, "'who acts in good faith shall not be subjected to damages merely because the accused is not convicted.'" *Id.* (quoting *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wash.2d 485, 497, 125 P.2d 681 (1942)). To maintain an action for malicious prosecution, a plaintiff must prove:

> (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution.

*Clark v. Baines*, 150 Wash.2d 905, 911, 84 P.3d 245 (2004) (quoting *Hanson*, 121 Wn.2d at 558). "[M]alice and want of probable cause constitute the gist of a malicious prosecution action." *Hanson*, 121 Wash.2d at 558, 852 P.2d 295 (citing *Peasley*, 13 Wash.2d at 497, 125 P.2d 681). Probable cause is a complete defense to malicious prosecution. *Hanson*, 121 Wash.2d at 563, 852 P.2d 295.

Plaintiff alleges that in "falsely arresting Plaintiff, in making numerous false statements in their reports and written statements and in sworn testimony Defendants, and each of them, intentionally caused Plaintiff to be prosecuted and imprisoned for []assault, maliciously prosecuted, and to have the arrest and charge permanently on his record, despite its dismissal, resulting in great harm to Plaintiff that continues to this day." Dkt. 1, ¶ 5.30.

Plaintiff makes no allegation specific to what statements, reports, or testimony can be fairly attributed to Defendant Gibson. As previously noted, Plaintiff claims that it was Defendant

Toese who searched him and found his knife and Defendants Toese and Todd who "dragged/ marched" him to the Washington State Patrol, where he was taken into custody. Dkt. 1, ¶ 3.18-3.20. Plaintiff does not allege that Defendant Gibson instituted the prosecution or that there was a want of probable cause for the institution of the prosecution. Plaintiff does not deny that he had a knife in his possession and elsewhere in his Complaint, Plaintiff alleges that he "lawful[ly] refus[ed] to provide identification to an officer." Dkt. 1, ¶ 5.13.

Thus, Plaintiff's malicious prosecution claim against Defendant Gibson shall be dismissed.

### 2. RCW 4.24.510

Defendant Gibson argues that, to the extent that Count Six, or any other count, is based on an allegation related to Defedant Gibson's communications or "sworn statements" with law enforcement about what he perceived to be dangerous or criminal acts by Plaintiff, such count is barred by RCW 4.24.510 and therefore, Defendant Gibson is entitled to fees, costs, and statutory damages of $10,000.00.

The statutory provision to which Defendant Gibson refers provides that "[a] person who communicates a complaint or information to any branch or agency of federal, state, or local government ... is immune from civil liability for claims based upon the communication to the agency ... regarding any matter reasonably of concern to that agency." RCW 4.24.510. In addition, "[a] person prevailing upon the defense provided for in [RCW 4.24.510] ... is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars."[1]

---

[1] An "anti-SLAPP" statute such as RCW 4.24.510, does not apply to federal law causes of action, but only to special motions to strike in connection with state law claims. *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010).

Plaintiff very broadly and in conclusory fashion, alleges that he was wrongfully arrested for the alleged assault of one or more of the Defendants based the numerous false statements made by "all of the Defendants and each of them." However, at this stage in the litigation, the Court is permitted to consider only the contents of the complaint or to take judicial notice of facts that are incorporated by reference in the complaint. The Court has determined that Plaintiff has failed to state a claim of malicious prosecution against Defendant Gibson. Moreover, at this stage of the litigation, Defendant Gibson cannot show that he in fact, made a complaint or submitted a sworn statement to any governmental agency which led to Plaintiff's arrest and prosecution, and for which he is entitled to immunity under RCW 4.24.510.

Accordingly, the Court declines to entertain a claim for statutory fees under RCW 4.24.510.

**F.     Count Seven – Negligence**

Plaintiff brings a state law claim of negligence against "Law Enforcement Defendants, and those acting as law enforcement, and each of them," for negligence in the investigation of criminal and dangerous conduct by Plaintiff. Dkt. 1, ¶ 5.34.

In Washington, a claim for negligence requires a showing of "(1) the existence of a duty to the plaintiff, (2) a breach of that duty, (3) a resulting injury, and (4) the breach as the proximate cause of the injury." *Lowman v. Wilbur*, 178 Wash.2d 165, 309 P.3d 387 (2013) (quoting *Crowe v. Gaston*, 134 Wash.2d 509, 514, 951 P.2d 1118 (1998)). Generally, a claim for negligent investigation does not exist in Washington because there is no duty owed to a particular class of persons. *M.W. v. Dep't of Social & Health Serv.*, 149 Wash.2d 589, 601, 70 P.3d 954 (2003); *Donohoe v. State*, 135 Wash.App. 824, 142 P.3d 654 (2006); *Rodriguez v. Perez*, 99 Wash.App. 439, 443, 994 P.2d 874 (2000). An exception, which is not applicable here,

is recognized in Washington for child abuse cases because of a duty found in a state statute. *M.W.*, at 601, 70 P.3d 954.

Plaintiff does not allege that Defendant Gibson was involved in the investigation nor can he establish an actionable duty owed to him by Defendant Gibson. Accordingly, this claim against Defendant Gibson fails as a matter of law and will be dismissed.

**G.     Count Eight – Intentional Infliction of Emotional Distress**

Plaintiff alleges "Intentional Infliction of Emotional Distress" against all defendants. Dkt. 1, ¶ 5.36-39. Intentional infliction of emotional distress is also known as the tort of outrage. 16 Wash. Prac., Tort Law And Practice § 14:11 (4th ed.). To establish a claim for the tort of outrage, a plaintiff must show "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress on the part of the plaintiff." *Reid v. Pierce County*, 136 Wash.2d 195, 961 P.2d 333, 337 (1998). Regarding the standard for "extreme and outrageous conduct," the Washington Supreme Court has held that "the conduct in question must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Dicomes v. Washington*, 113 Wash.2d 612, 782 P.2d 1002, 1012 (1989) (citing *Grimsby v. Samson*, 85 Wash.2d 52, 530 P.2d 291, 295 (1975) (emphasis omitted)).

"While the question of outrageousness is normally one for the jury to decide, it is for the court to make the initial determination of whether 'reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability.'" *Bryant v. Country Life Ins. Co.*, 414 F.Supp.2d 981, 1004 (W.D.Wash.2006) (quoting *Grimsby*, 530 P.2d at 295). "Conduct which is merely insulting or annoying, or even threatening will not trigger liability." *Bryant*, 414 F.Supp.2d at 1004.

Even assuming the facts alleged in Plaintiff's complaint are true, the Court finds no reasonable jury could find Defendant Gibson's conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Dicomes*, 113 Wash.2d 612, 782 P.2d 1002, 1012 (1989). Plaintiff does not allege that Defendant Gibson took any action that was extreme and outrageous. While Plaintiff claims that he was assaulted and battered by "one or more of the named Defendants," Defendants claim that it was Plaintiff who committed an assault and battery upon one or more of them and this all apparently occurred during a demonstration and counter demonstration. *See* Dkt. 19 (Joint Status Report, p. 2).

Plaintiff also makes no allegation of any actual "severe emotional distress." "Severe emotional distress is emotional distress so extreme that no reasonable person could be expected to endure it." 16 Wash. Prac., Tort Law And Practice at § 14:39; WPI 14.03.04. Plaintiff merely alleges that being arrested on his birthday "soured the event" and that he had to miss several classes to attend court. These allegations are insufficient, as a matter of law, to state a claim for the intentional infliction of emotional distress against Defendant Gibson and therefore, the claim will be dismissed.

Accordingly, Defendant Gibson's motion to dismiss (Dkt. 22) is **GRANTED** (**except** as to a request for RCW 4.24.510 statutory fees and expenses which is **DENIED**). Plaintiff's claims against Defendant Gibson are dismissed with prejudice.

DATED this 14th day of May, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge