HON. BRIAN TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JOSEPH M. ROBINSON,<br>PLAINTIFF,<br><br>vs.<br><br>JORDAN BAILEY, et al.<br>DEFENDANTS. | No. 3:19-cv-05551-BAT<br><br>DEFENDANT JOSEPH GIBSON'S MOTION FOR AWARD OF FEES AND COSTS<br><br>Noted on Motion Calendar: (May 28, 2021) |

## I. MOTION

COMES NOW the Defendant Joseph Gibson, by and through the Angus Lee Law Firm, and hereby respectfully moves this Court for a finding that the lawsuit against Mr. Gibson was frivolous and an order awarding Defendant Joseph Gibson fees and costs.

## II. PROCEDURAL HISTORY

Plaintiff filed a boilerplate and deficient complaint against over one thousand individuals involved in a protest, including Joseph Gibson. (Dkt. 1) Defendant Joseph Gibson filed an Answer and Affirmative Defenses. (Dkt. 6) Mr. Gibson filed a motion to dismiss the frivolous lawsuit against him. (Dkt. 22)

On April 20, 2021, Lawrence Hildes filed a motion to withdraw as attorney for Plaintiff. (Dkt. 23) Mr. Hildes requested a stay of all pending motions, including the instant motion filed

1  by Defendant Joey Gibson. (*Id.*) The Court denied the motion without prejudice; ordered Plaintiff Joseph Robinson and Attorney Lawrence Hildes to advise the Court by May 3, 2021 if Plaintiff intended to prosecute this action; denied the motion to stay, and re-noted Defendant Gibson's motion for May 7, 2021. (Dkt. 24) Copies of the Court's Order were sent to counsel and to Plaintiff by email and regular mail. *Id*.

On April 27, 2021, with the motion to dismiss pending, Plaintiff Robinson failed to appear at his properly noticed deposition. (Dkt 28)

Plaintiff never responded to the Court's Order and filed no response to the motion to dismiss. (Dkt 26) Pursuant to LCR 7(b)(2), if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit. The motion to dismiss all claims against Mr. Gibson was granted on May 14, 2021. (Dkt 26)

### III. ARGUMENT.

The record makes clear that this lawsuit was a frivolous misuse of the Federal Courts and the Civil Rights Act, in retaliation against Mr. Gibson for engaging in protected political activity.[1] Mr. Gibson is entitled to recover the costs and fees he incurred defending against the lawsuit.

**A.   Joseph Gibson is Entitled to Recover Fees Pursuant to 42 USC § 1988.**

Section 1988 allows the award of "a reasonable attorney's fee" to "the prevailing party" in certain civil rights cases, including § 1983 suits. While most § 1988 decisions have concerned fees to prevailing plaintiffs, § 1988 also authorizes a fee award to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, *even though not brought in subjective bad faith.*" *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978) (emphasis added).

---

[1] No doubt the case against the remaining defendants will be dismissed soon and is equally as frivolous.

"§ 1988 serves to relieve a defendant of expenses attributable to frivolous charges. The plaintiff acted wrongly in leveling such allegations, and the court may shift to him the reasonable costs that those claims imposed on his adversary." *Fox v. Vice*, 563 U.S. 826, 834, 131 S. Ct. 2205, 2214 (2011).

In the instant case, Mr. Robinson sued Mr. Gibson pursuant to 42 USC § 1983. When Mr. Gibson moved to dismiss, Mr. Robinson conceded his § 1983 claim was frivolous when he (given ample opportunity) failed to respond to the motion and then skipped his own deposition.

Given the well-established case law cited in the motion to dismiss, the lack of any response to the motion, and the fact that Plaintiff Robinson failed to appear at his deposition, it is clear that the § 1983 claim against Mr. Gibson was always frivolous and politically motivated.

Plaintiff used the Civil Rights Act not as a shield against those who would deprive constitutional rights while acting under the color of law, but as a sword against a private citizen engaging in the very activity protected by the Civil Rights Act and the Bill of Rights. This suit against Mr. Gibson is not only frivolous, it is shameful.

Mr. Gibson incurred fees in defending against this case and preparing the motion to dismiss. (Declaration of D. Angus Lee) The claim was frivolous, which entitles Mr. Gibson to an award of costs and fees as outlined in the declaration of counsel in support of this motion.

**B.     Joseph Gibson is Entitled to Recover Fees Pursuant to RCW 4.84.185.**

RCW 4.84.185 was "designed to discourage abuses of the legal system by providing for an award of expenses and legal fees to any party forced to defend against meritless claims advanced for harassment, delay, nuisance, or spite." *Skimming v. Boxer*, 119 Wash. App. 748, 756, 82 P.3d 707, 712 (2004).

1  "[A]n award of attorney fees under RCW 4.84.185 lies within the sound discretion of the
2  trial court. We do not disturb its decision absent a showing of an abuse of that discretion." *Eller*
3  *v. E. Sprague Motors & R.V.'s, Inc.*, 159 Wash. App. 180, 191, 244 P.3d 447, 453 (2010). "An
4  action is frivolous if it 'cannot be supported by any rational argument on the law or facts.'" *Id*.
5  (quoting *Clarke v. Equinox Holdings, Ltd.*, 56 Wash.App. 125, 132, 783 P.2d 82, *review denied*,
6  113 Wash.2d 1001, 777 P.2d 1050 (1989)).

7  "As with CR 11, a trial court is not required to find an improper purpose under RCW
8  4.84.185 before awarding fees." *Id*. at 192 (citing RCW 4.84.185; *Highland Sch. Dist. No. 203 v.*
9  *Racy*, 149 Wash.App. 307, 311, 202 P.3d 1024 (2009)). "It is enough that the action is not
10 supported by any rational argument and is advanced without reasonable cause." *Id*. at 192. Here,
11 it is clear that Plaintiff Robinson advanced this case with an improper motive and only intended to
12 harass Mr. Gibson.  Robinson's motive is made clear by his refusal to be deposed or respond to
13 the court, or even his own counsel.

14 "An action is frivolous under RCW 4.84.185 if, when considering the action in its entirety,
15 it 'cannot be supported by any rational argument on the law or facts.'" *Housing Auth. of City of*
16 *Everett v. Kirby*, 154 Wash.App. 842, 859, 226 P.2d 222 (2010) (quoting *Skimming*, 119
17 Wash.App. at 756) (additional quotation omitted). "[T]he only reasonable reading of the statute is
18 that a defendant drawn into an action without reasonable cause and subjected to claims against it
19 that, considered as a whole, are frivolous, may be awarded expenses under RCW 4.84.185,
20 regardless of the merit of the plaintiff's claims against other defendants." *Eller*, 159 Wash.App. at
21 194.

22 Here, Plaintiff filed this suit, then delayed and delayed.  Once the motion to dismiss was
23 filed, Plaintiff did not bother to respond to the motion or the court, and then skipped out on his

1  own deposition.  This suit, and Plaintiff Robinson's actions, demonstrate peak frivolity.  Plaintiff's

2  baseless suit and subsequent conduct establish Mr. Gibson's clear right to recover fees and costs

3  under RCW 4.84.185.

### IV.    CONCLUSION

For the reasons set forth above, Defendant Joseph Gibson respectfully requests this Court award it the entire amount of the costs and fees incurred in defending against this lawsuit.

DATED this Wednesday, May 19, 21.

*S// D. Angus Lee*
D. Angus Lee, WSBA# 36473
Attorneys for Joseph Gibson
Angus Lee Law Firm, PLLC
9105A NE HWY 99 Suite 200
Vancouver, WA 98665
Phone: 360.635.6464 Fax: 888.509.8268
E-mail: Angus@AngusLeeLaw.com

