1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

JOSEPH M ROBINSON,

Plaintiff,

CASE NO. 3:19-cv-05551-BAT

8

v.

9

JORDAN BAILEY, Individually and in
his Official Capacity as SERGEANT of
the WASHINGTON STATE PATROL;
R.E. ELLIS, Individually and in his
Official Capacity as a TROOPER of the
WASHINGTON STATE PATROL;
B.E. LANTZ, Individually, and in his
Official Capacity as a LIEUTENANT of
the WASHINGTON STATE PATROL;
JOEY GIBSON; TUSITALA JOHN
TOESE; MATTHEW S. GRZOZWSKI;
WILLIAM TANGER; CARL D. TODD;
WILLIAM KNOX, DOES 1-1000,

Defendants.

**ORDER GRANTING MOTION TO
DISMISS OF DEFENDANTS
BAILEY, ELLIS, AND LANTZ**

10
11
12
13
14
15
16
17

Defendants Jordan Bailey, R.E. Ellis and B.E. Lantz ("State Defendants") move for an

18

order dismissing Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 37(d)(1)(A) and this Court's

19

Order of June 7, 2021 (Dkt. 31). Dkt. 35.

20

Plaintiff filed no response to the motion. Pursuant to LCR 7(b)(2), if a party fails to file

21

papers in opposition to a motion, such failure may be considered by the court as an admission

22

that the motion has merit.

23

ORDER GRANTING MOTION TO DISMISS
OF DEFENDANTS BAILEY, ELLIS, AND
LANTZ - 1

Having reviewed the motion and balance of the record, the Court **GRANTS** the motion to dismiss Plaintiff's Complaint in its entirety with prejudice.[1]

## BACKGROUND

On June 19, 2020, the Court entered an Order Setting Trial Date and Pretrial Schedule ("Scheduling Order"). Dkt. 20. The Scheduling Order set a deadline of May 14, 2021, to note for consideration all motions related to discovery, and a deadline of June 14, 2021, for the completion of discovery. Dkt. 20. In February 2021, State Defendants attempted to coordinate the deposition of Plaintiff Joseph Robinson for a date in April 2021. Dkt. 28, Declaration of Elliot D. Tiller, ¶ 4. Plaintiff's counsel, Lawrence Hildes, advised that he was unable to locate his client and asked that Plaintiff's deposition not be scheduled before sometime in late April 2021. Id., Tiller Decl., ¶ 5.

On March 5, 2021, Defendants served a Notice of Deposition scheduling Plaintiff's deposition *via* Zoom video conference on April 27, 2021, at 11:00 a.m. Dkt. 28, Tiller Decl., ¶ 6. On April 20, 2021, Defendants sought to confirm that Plaintiff's deposition would still be going forward as noticed. *Id.*, Tiller Decl., ¶ 7. Mr. Hildes advised that he still could not reach Plaintiff and requested that the deposition be continued. Mr. Hildes also advised that he had no expectation that Plaintiff would appear for his deposition on April 27, 2021, as Plaintiff was not communicating with him. *Id.*, Tiller Decl., ¶ 8. Counsel for the State Defendants, counsel for Defendant Joey Gibson, and the court reporter, subsequently appeared *via* Zoom on April 27, 2021, at the time specified in the deposition notice. *Id.*, Tiller Decl., ¶ 10. Plaintiff did not appear. *Id.*, Tiller Decl., ¶ 11.

---

[1] Plaintiff's claims against Defendant Joseph Gibson were previously dismissed. Dkt. 26. The remaining defendants – Tustitala John Toese, Matthew S. Grzozwski, William Tanger, Carl D. Todd, and William Knox – were never served. See Dkt. 19.

ORDER GRANTING MOTION TO DISMISS
OF DEFENDANTS BAILEY, ELLIS, AND
LANTZ - 2

1    Mr. Hildes filed a motion to withdraw as counsel on April 21, 2021. Dkt. 23. The Court

2    denied the motion and ordered Plaintiff and Mr. Hildes to advise the Court by May 3, 2021,

3    whether Plaintiff intended to prosecute this action. The Court advised Plaintiff that his "[f]ailure

4    to respond or otherwise participate in this action may result in a dismissal of the case in its

5    entirety." Dkt. 24.

6    After Plaintiff's failure to appear, State Defendants filed a Motion to Compel Plaintiff to

7    appear for his deposition within 30 days. Dkt. 27. On June 7, 2021, the Court granted

8    Defendants' motion and ordered State Defendants to notice Plaintiff's deposition to take place

9    within 30 days from the date of the order. Dkt. 31. The Court again warned Plaintiff that if he

10   failed to appear, an order of dismissal with prejudice of his complaint would be issued without

11   further notice to Plaintiff. *Id.* p. 3. On the same day, State Defendants served on Mr. Hildes a

12   notice of deposition upon oral examination of Plaintiff Joseph M. Robinson to take place on June

13   17, 2021, *via* Zoom video conference, beginning at 10:00 a.m. Dkt. 36, Tiller Decl., ¶ 15. After

14   receiving the notice, Attorney Hildes responded: "I still have had no contact from my client; I

15   have no way to produce him for deposition. I'm sorry, Larry." *Id.*, Tiller Decl., ¶ 16.

16   Counsel for State Defendants and a court reporter appeared for the deposition on June 17,

17   2021, at 10:00 a.m. Dkt. 36, Tiller Decl., ¶ 17. Neither Plaintiff nor his counsel appeared for the

18   deposition. After noting on the record Plaintiff's second failure to appear for his noticed

19   deposition in this matter, the deposition was adjourned at 10:19 a.m. *Id.*, Tiller Decl., ¶ 18.

20   <u>DISCUSSION</u>

21   A.   <u>Legal Standard</u>

22   Federal Rule of Civil Procedure 37 authorizes the imposition of sanctions for discovery

23   violations, including a party's failure to obey a court order to provide or permit discovery. Fed.

ORDER GRANTING MOTION TO DISMISS
OF DEFENDANTS BAILEY, ELLIS, AND
LANTZ - 3

1 R. Civ. P. 37(b)(2)(A). A court may also dismiss an action in whole or in part. Fed. R. Civ. P.

2 37(b)(2)(A)(v).

3 B.   Rule 37 Analysis

4      In determining whether dismissal under Rule 37(b) is appropriate, the court must

5 consider the following factors: "(1) the public's interest in expeditious resolution of litigation;

6 (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking

7 sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the

8 availability of less drastic sanctions." *Valley Eng'rs Inc. v. Elec. Eng'g Co*., 158 F.3d 1051, 1056-

9 57 (9th Cir. 1998) (citation and internal quotation marks omitted). "[W]here a court order is

10 violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and

11 5, prejudice and availability of less drastic sanctions, are decisive." *Id*. at 1057 (citing *Adriana*

12 *Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). Because dismissal is such a severe

13 sanction, the court must also find that the plaintiff's non-compliance is "due to willfulness, bad

14 faith or fault." *Ct. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th

15 Cir. 2007).

16     1.   Willfulness, Bad Faith, or Fault

17      Conduct is willful, in bad faith, or the fault of the litigant under Rule 37 if it is not

18 "outside the control of the litigant." *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig*.,

19 460 F.3d 1217, 1233 (9th Cir. 2006). Plaintiff has now failed to appear for his properly noticed

20 deposition in this matter on two separate occasions and has failed to communicate with his

21 counsel or the Court to provide any justification for these failures. Nothing in the record suggests

22 that Plaintiff failed to attend either deposition due to circumstances outside of his control. These

23 facts support a finding of willfulness. The Court also finds that the five dismissal factors weigh

ORDER GRANTING MOTION TO DISMISS
OF DEFENDANTS BAILEY, ELLIS, AND
LANTZ - 4

1    heavily in favor of dismissal.

2         2.     <u>Dismissal Factors</u>

3         The first two factors—"the public interest in expeditious resolution of litigation" and "the

4 court's need to manage its docket"—relate to the "efficient administration of judicial business

5 for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana*,

6 S.A., 662 F.2d 1275, 1279 (9th Cir. 1980). Both factors weigh in favor of dismissal here. The

7 Court first advised Plaintiff that his "[f]ailure to respond or otherwise participate in this action

8 may result in a dismissal of the case in its entirety." Dkt. 24. The Court again warned Plaintiff

9 that his failure to appear for his deposition a second time would result in a dismissal of the case

10 in its entirety. Dkt. 31. Plaintiff refused to appear for the properly noted deposition, has failed to

11 participate in discovery, will not communicate with his attorney, and has otherwise refused to

12 take part in the litigation he filed. Thus, Plaintiff has irreparably impeded the litigation process

13 and has wasted "valuable time that [the Court] could have devoted to other ... criminal and civil

14 cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

15         The third factor, "the risk of prejudice to the defendants," also weighs in favor of

16 dismissal. "In determining whether a defendant has been prejudiced, [courts] examine whether

17 the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the

18 rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

19 The discovery deadline was June 14, 2021 and the dispositive motions deadline was June 23,

20 2021. By refusing to appear for his deposition, Plaintiff's conduct has unreasonably delayed the

21 progress of this case and has prejudiced Defendants as it has stymied their ability to adequately

22 and timely prepare their defense. *See Chih-Cheng Tsao v. Cty. of Los Angeles, Office of*

23 *Assessor*, No. CV 09-1268-JST CWX, 2011 WL 1532331, at *6 (C.D. Cal. Mar. 30, 2011),

ORDER GRANTING MOTION TO DISMISS
OF DEFENDANTS BAILEY, ELLIS, AND
LANTZ - 5

1  *report and recommendation adopted sub nom. Chih Cheng Tsao v. Cty. of Los Angeles*, No. CV

2  09-1268 JST CWX, 2011 WL 1532014 (C.D. Cal. Apr. 22, 2011) (finding third factor met;

3  "Without the opportunity to obtain [the plaintiff's] sworn deposition testimony regarding the

4  alleged factual basis for her claims, [the defendants]' ability to defend this action appropriately

5  and efficiently has been impeded.") (citing cases).

6  The fourth factor, "the public policy favoring disposition of cases on their merits,"

7  weighs against dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public

8  policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

9  The last factor, "the availability of less drastic alternatives," also weighs in favor of

10  dismissal. "In determining whether a district court has properly considered the adequacy of less

11  drastic sanctions before dismissing a party's case, [the Ninth Circuit] consider[s] (1) whether the

12  district court explicitly discussed the feasibility of less drastic sanctions and explained why such

13  alternate sanctions would be inappropriate; (2) whether the district court implemented alternative

14  sanctions before ordering dismissal; and (3) whether the district court warned the party of the

15  possibility of dismissal before ordering dismissal." *Anheuser-Busch, Inc. v. Nat. Beverage*

16  *Distribs.*, 69 F.3d 337, 352 (9th Cir. 1995). A district court need not implement a less severe

17  sanction if it "reasonably conclude[s]" that a lesser sanction would be "pointless." *Hester v.*

18  *Vision Airlines, Inc.*, 687 F.3d 1162, 1170 (9th Cir. 2012) (citation and internal quotation marks

19  omitted)).

20  Having carefully considered the record, the Court finds that a less severe sanction such as

21  ordering Plaintiff (again) to appear at a deposition or to meaningfully participate in this case

22  would not be feasible and would in fact be pointless as Plaintiff has steadfastly refused to appear

23  when ordered (and expressly warned by the Court of this exact potential sanction), and refuses to

ORDER GRANTING MOTION TO DISMISS
OF DEFENDANTS BAILEY, ELLIS, AND
LANTZ - 6

1   communicate with his attorney. Notwithstanding the Court's orders and warnings, Plaintiff chose

2   not to appear. Given these facts, the Court finds that it is highly unlikely that it could achieve

3   compliance by issuing yet another order compelling Plaintiff's attendance at a deposition. *See*

4   *Ferdik*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the courts

5   order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]

6   requirement.") (citation and internal quotation marks omitted). Plaintiff received clear warnings

7   from the Court that his failure to respond, participate in this action, or to appear at his deposition

8   would result in a dismissal of his case. Dkts. 24, 31.

9          In sum, although dismissal is a harsh sanction, the Court concludes that no lesser sanction

10  would be effective or appropriate given Plaintiff's behavior and failure to respond or otherwise

11  participate in this action. Accordingly, it is **ORDERED** that the motion to dismiss of Defendants

12  Jordan Bailey, R.E. Elllis and B.E. Lantz (Dkt. 35) is **GRANTED**; Plaintiff's complaint is

13  **dismissed in its entirety with prejudice**. A judgment in favor of Defendants shall be entered by

14  the Clerk.

15         DATED this 26th day of July, 2021.

16

17

18  BRIAN A. TSUCHIDA
    United States Magistrate Judge

19

20

21

22

23

ORDER GRANTING MOTION TO DISMISS
OF DEFENDANTS BAILEY, ELLIS, AND
LANTZ - 7